FILED

September 3 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 06-0376

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 308

STATE OF MONTANA,

        Plaintiff and Appellee,

v.

GARY CARL SWENSON, JR.,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Richland, Cause No. DC-04-31
Honorable Katherine M. Irigoin, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Ali Moulton, Assistant Public Defender, Glendive, Montana

        For Appellee:

        Hon. Mike McGrath, Montana Attorney General; Jonathan M. Krauss, Assistant Attorney General, Helena, Montana

Submitted on Briefs:  September 6, 2007

Decided:  September 3, 2008

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Gary Carl Swenson, Jr., appeals from the judgment entered by the Seventh Judicial District Court, Richland County, on a jury verdict finding him guilty of sexual assault, a felony.  We affirm.

¶2     The restated issues on appeal are:

¶3     1.  Did the District Court abuse its discretion by admitting evidence of Swenson's prior acts?

¶4     2.  Did the District Court err by denying Swenson's motions to dismiss for insufficiency of the evidence?

## BACKGROUND

¶5     In 1996, Swenson pled guilty to, and was convicted of, the felony offenses of sexual intercourse without consent against A.B. and J.S., and a felony offense of sexual assault against A.H.  In September of 2004, the State of Montana charged Swenson by information with the felony sexual assault of A.F.K.

¶6     The State filed notice of its intent to introduce evidence of other crimes, wrongs or acts, specifically "[t]he fact of the defendant's conviction on July 12, 1996 of Sexual Assault, a felony [involving A.H.] . . . together with the underlying facts and circumstances of the offense[,]" and "[t]he fact that the defendant touched the bottom of J.S. with his hands between August 20, 1992 and December 10, 1994."  The State represented that its proof of these matters would include, respectively, court documents from the earlier case and the testimony of A.H., J.S., A.B. and Dr. Sally George Wright.

2

¶7    Swenson moved to exclude the evidence referenced in the State's notice and, after the State responded, the District Court held a hearing at which the parties presented arguments regarding the four-pronged Modified *Just* Rule, which is set forth below.  At that time, Swenson's challenges pertained only to the "remoteness" and "prejudice" prongs of the Modified *Just* Rule.  Based on the arguments presented, the District Court ruled the State's proffered evidence was admissible.  It subsequently granted Swenson's motion for appointment of new counsel.

¶8    Defense counsel raised certain matters at a conference the day before the scheduled trial, and the parties presented oral arguments regarding the admissibility of the amended complaint leading to the 1996 conviction in light of the Modified *Just* Rule, hearsay rules and the confrontation clause.  At that time, Swenson argued regarding the two previously unchallenged "similarity" and "purpose" prongs of the Modified *Just* Rule, but—as the record reflects the District Court clarified with defense counsel—only in relation to the sexual intercourse without consent charges in the amended information.  In other words, Swenson's second set of Modified *Just* Rule arguments did not pertain to the alleged touching of J.S. in 1992 and 1994, the sexual assault offense involving A.H. to which he had pled guilty or the facts underlying that offense.  Shortly before jury voir dire, the District Court ruled that, because the State no longer intended to call A.B. and A.H. to testify at trial, evidence relating to the offenses involving A.B. and A.H. would be inadmissible on confrontation clause grounds.  The court made no further determinations regarding the Modified *Just* Rule.

¶9 During J.S.'s trial testimony, the defense asserted confrontation clause and hearsay objections and a hearing was held outside the jury's presence. The District Court determined, in light of J.S.'s trial testimony that she had witnessed Swenson's 1990s conduct involving the other girls, that J.S. could testify regarding Swenson's conduct involving A.B. and A.H., essentially reversing its earlier confrontation clause ruling. J.S. then testified that Swenson touched or rubbed the buttocks or vaginal areas of A.B., A.H. and herself when they were children in his mother's daycare. The State did not attempt to have the amended information leading to the 1996 convictions admitted into evidence and, except for testimony elicited by the defense on cross-examination, no State witness or exhibit other than J.S. mentioned Swenson's acts in the 1990s.

¶10 Swenson moved to dismiss on insufficiency of the evidence grounds after the State's case-in-chief and again after the close of all evidence. The District Court denied both motions.

¶11 The jury found Swenson guilty of the charged felony sexual assault offense, and the District Court subsequently entered judgment and sentence. Swenson appeals.

**STANDARDS OF REVIEW**

¶12 We review a district court's evidentiary ruling for abuse of discretion. *State v. Price*, 2007 MT 269, ¶ 10, 339 Mont. 399, ¶ 10, 171 P.3d 293, ¶ 10 (citation omitted). In a criminal case, a motion to dismiss for insufficiency of the evidence under § 46-16-403, MCA, is properly granted only if, viewing the evidence in a light most favorable to the prosecution, no evidence exists upon which a rational trier of fact could find the essential

4

elements of the crime beyond a reasonable doubt. We review a district court's denial of such a motion de novo, because evidence is either sufficient or it is not. *State v. Bomar*, 2008 MT 91, ¶ 13, 342 Mont. 281, ¶ 13, 182 P.3d 47, ¶ 13 (citation omitted).

## DISCUSSION

¶13 ***1. Did the District Court abuse its discretion in admitting evidence of Swenson's prior acts?***

¶14 Swenson correctly posits that a district court's decision to admit evidence of other crimes, wrongs or acts pursuant to M. R. Evid. 404(b) is guided by the Modified *Just* Rule, which consists of the following four elements:

(1) The other crimes, wrongs or acts must be similar.

(2) The other crimes, wrongs or acts must not be remote in time.

(3) The evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity with such character; but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

(4) Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

*Price*, ¶ 13 (citation omitted). As Swenson observes, we have stated that all four prongs of the Modified *Just* Rule must be met before a trial court properly may admit evidence of other acts, crimes or wrongs. *See State v. Ayers*, 2003 MT 114, ¶ 76, 315 Mont. 395, ¶ 76, 68 P.3d 768, ¶ 76 (citations omitted).

¶15 Procedural requirements pertaining to written notice and jury instructions also apply

5

when a party offers evidence of other acts. *See Ayers*, ¶ 77. Swenson concedes the procedural requirements were met here.

¶16 Before continuing further, we clarify certain points about the posture of the case now before us. First, as indicated above, the parties made their arguments—and the District Court made its determination—regarding the Modified *Just* Rule before trial. Accordingly, we review whether the District Court abused its discretion in the context in which it made its determination—that is, based on the arguments presented before trial.

¶17 Second, some of Swenson's arguments on appeal pertain to the amended complaint leading to the 1996 convictions and evidence of the 1990s sexual intercourse without consent incidents, matters never actually introduced into evidence at trial. In this regard, we reiterate that—except for testimony elicited by the defense—the only evidence admitted at trial regarding acts by Swenson in the 1990s was J.S.'s testimony that he touched her, A.B. and A.H. Thus, notwithstanding the District Court's pretrial admissibility ruling encompassing more than J.S.'s testimony, we conclude Swenson cannot establish prejudice or reversible error with respect to evidence never introduced or admitted at trial. We need not address these arguments further.

¶18 Third, Swenson's arguments on appeal include assertions regarding the "purpose" prong of the Modified *Just* Rule. As set forth above, however, he did not preserve a "purpose" prong argument in the District Court in relation to the sexual assault on A.H. or any alleged touching—the matters about which J.S. testified at trial. Swenson's first set of Modified *Just* Rule arguments in the District Court focused exclusively on the "remoteness"

6

and "prejudice" prongs, and his second set of Modified *Just* Rule arguments regarding all four substantive prongs pertained only to the sexual intercourse without consent incidents. We note that, in closing arguments and in moving to dismiss the charge after the State's case-in-chief and at the close of all evidence, Swenson asserted the evidence was insufficient to convict if the jury considered J.S.'s testimony for a permissible purpose. Because these assertions were made after the admission of J.S.'s testimony, they cannot reasonably be construed as pertaining to the admissibility of the testimony in the first instance. We conclude Swenson has not preserved any argument regarding the "purpose" prong of the Modified *Just* Rule.

¶19    We generally do not address arguments raised for the first time on appeal. *See e.g. State v. Johnson*, 2008 MT 227, ¶ 26, 344 Mont. 313, ¶ 26, 187 P.3d 662, ¶ 26 (citation omitted). Accordingly, we decline to consider Swenson's unpreserved arguments regarding the "purpose" prong as applied to the evidence of the 1990s touching and sexual assault incidents, and address only his preserved arguments relating to the "remoteness" and "prejudice" prongs.

¶20    The District Court determined Swenson's 1990s acts were not too remote, reasoning that the period between Swenson's release from incarceration and the current alleged offense was "about the same" as the period at issue in *State v. Whitlow*, 285 Mont. 430, 949 P.2d 239 (1997). In *Whitlow*, we concluded the "remoteness" prong was met when the charged offenses at issue occurred in 1993 and the defendant had previously been convicted in 1985, incarcerated from 1985 through 1989 and discharged from parole in 1990. *Whitlow*, 285

7

Mont. at 435-38, 949 P.2d at 243-45. Here, Swenson was convicted in 1996, released from incarceration in 2000, and still on probation in 2004 when the new offense was charged. On appeal, Swenson mentions *Whitlow*—along with *State v. Brooks*, 260 Mont. 79, 83, 857 P.2d 734, 736-37 (1993)—only for the proposition that a lack of opportunity to reoffend while incarcerated makes the time between the prior act and the charged offense less significant. He does not assert *Whitlow* was incorrectly decided, nor does he attempt to distinguish it. The appellant has the burden of establishing error, *Johnson*, ¶ 17, and Swenson has not met that burden with respect to the District Court's *Whitlow*-related reasoning.

¶21    Swenson asserts, however, that the present case is factually distinguishable from *State v. Medina*, 245 Mont. 25, 798 P.2d 1032 (1990), *overruled on other grounds by State v. Olson*, 286 Mont. 364, 373, 951 P.2d 571, 577 (1997), regarding a defendant's opportunity to reoffend. He is correct. We set forth no bright-line rules regarding the effect of the opportunity to reoffend on the "remoteness" prong in *Medina*, however. Indeed, we stated without equivocation that "[w]ith regard to nearness in time, each case must be examined in light of its unique set of facts." *Medina*, 245 Mont. at 30, 798 P.2d at 1036. *Medina* is of no assistance to Swenson here.

¶22    Swenson also relies on *State v. Ray*, 267 Mont. 128, 132-33, 882 P.2d 1013, 1015-16 (1994), where we determined that acts from 16 to 18 years before the newly charged offense were too remote because the State failed to establish intervening acts constituting a continuing course of conduct. Swenson asserts the State failed similarly here, given the period of approximately 10 to 12 years between the 1990s acts about which J.S. testified and

8

the offense charged in 2004. As noted above, however, Swenson was incarcerated until 2000, and was on probation for the four years after his release. Unlike the present case, *Ray* did not involve any incarceration and, as noted above, a lack of opportunity to reoffend while incarcerated—here, from 1996 to 2000—makes the time between the prior act and the charged offense less significant. *See Whitlow*, 285 Mont. at 438, 949 P.2d at 245.

¶23     Swenson also quotes a passage from *State v. McKnight*, 250 Mont. 457, 463, 820 P.2d 1279, 1282 (1991), which appeared in that case under the heading "Similarity of Other Crimes, Wrongs or Acts." As indicated, that portion of *McKnight* pertains to the "similarity" prong, not to remoteness. Swenson did not argue the "similarity" prong in the District Court with relation to the matters about which J.S. testified, and he raises no issue regarding "similarity" on appeal. We conclude the District Court did not abuse its discretion by determining Swenson's earlier acts were not too remote in time.

¶24     Regarding the "prejudice" prong, Swenson argues the purposes set forth in the State's notice establish it intended to introduce impermissible character evidence. By its terms, however, this argument relates to the "purpose" prong of the Modified *Just* Rule. As noted above, Swenson did not preserve an argument under the "purpose" prong in relation to evidence admitted at trial and, accordingly, we decline to address this argument further. *See Johnson*, ¶ 26.

¶25     Finally, Swenson simply asserts the evidence was unduly prejudicial. We have "repeatedly noted that probative evidence will frequently and inevitably be prejudicial to a party." *Ayers*, ¶ 99 (citation omitted). Moreover, when the other acts evidence meets the

first three prongs of the Modified *Just* rule, it "'necessarily carries great probative weight.'" *Ayers*, ¶ 99 (quoting *State v. Hagberg*, 277 Mont. 33, 45, 920 P.2d 86, 93 (1996)). We conclude Swenson has not established an abuse of discretion by the trial court with respect to its determination regarding the "prejudice" prong of the Modified *Just* Rule.

¶26 We hold the District Court did not abuse its discretion by admitting evidence of Swenson's prior acts.

¶27 ***2. Did the District Court err by denying Swenson's motions to dismiss for insufficiency of the evidence?***

¶28 Swenson advances *State v. Cochran*, 1998 MT 138, 290 Mont. 1, 964 P.2d 707, as support for his assertion that the District Court erred by denying his motions to dismiss for insufficiency of the evidence. Swenson does not discuss *Cochran* in detail, and we need not address it at length here because we did so recently in *State v. Maetche*, 2008 MT 184, ¶¶ 20-23, 343 Mont. 464, ¶¶ 20-23, 185 P.3d 980, ¶¶ 20-23, after briefing was complete in the present case.

¶29 In *Cochran*, ¶¶ 29-34, we concluded the evidence was insufficient to establish assault when, among other things, a stabbing victim expressly denied at trial that the defendant had stabbed him. The present case is readily distinguishable from *Cochran*. Here, alleged victim A.F.K. testified that Swenson committed the offense against her.

¶30 Swenson maintains, however, that the evidence was insufficient because A.F.K. testified she did not see or hear anything during the alleged incident, and her minor cousin—who was present at the time—testified that he observed Swenson simply wake A.F.K. and leave the room. Among other things, Swenson asserts the evidence is vague, does not single

10

out Swenson, does not show any explicit act, and does not "conclude" a crime was committed.

¶31 A conviction for a sex offense may be based entirely on the victim's uncorroborated testimony. *See State v. Rennaker*, 2007 MT 10, ¶ 16, 335 Mont. 274, ¶ 16, 150 P.3d 960, ¶ 16 (citation omitted); *Olson*, 286 Mont. at 372-73, 951 P.2d at 576-77. At trial, A.F.K. testified she kept her eyes closed and pretended to remain asleep during the touching, then pretended to wake up and saw Swenson standing over her. This testimony, which combined both direct and circumstantial evidence, was sufficient to submit the issue to the jury and support a conviction. *See Maetche*, ¶ 24 (citation omitted). We conclude sufficient evidence existed upon which a rational trier of fact could find Swenson guilty beyond a reasonable doubt. *See Bomar*, ¶ 13.

¶32 We hold the District Court did not err by denying Swenson's motions to dismiss for insufficiency of the evidence.

¶33 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ JOHN WARNER
/S/ JAMES C. NELSON