FILED

05/30/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0764

DA 15-0764

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 124

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

DANIEL KENNETH MEYER,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-15-233A
Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Chief Appellate Defender, Alexander H. Pyle, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Madison L. Mattioli,
Assistant Attorney General, Helena, Montana

          Ed Corrigan, Flathead County Attorney, Kenneth R. Park, Deputy County
Attorney, Kalispell, Montana

Submitted on Briefs:  May 3, 2017

Decided:  May 30, 2017

Filed:

_____
                Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Daniel Kenneth Meyer appeals from the District Court's order filed October 27, 2015, affirming Meyer's conviction of Aggravated DUI in the Justice Court of Flathead County. We affirm the District Court's order.

¶2     The issue on appeal is whether the District Court properly affirmed Meyer's Justice Court DUI conviction.

### FACTUAL AND PROCEDURAL BACKGROUND

¶3     In January 2015 the State charged Meyer with several offenses, including Aggravated Driving Under the Influence as provided in § 61-8-465, MCA. That statute provides that Aggravated DUI consists, in part, of being "in violation of" one of the DUI statutes[1] while having a prior conviction of DUI within ten years, or two or more prior convictions during any time period. Meyer had one prior DUI conviction within ten years of the current offense and two prior DUI convictions total. Meyer does not contest the existence of the prior DUI convictions.

¶4     The day prior to the commencement of trial in Justice Court, Meyer filed a motion in limine seeking to exclude evidence of any prior convictions under M. R. Evid. 403 and 404. Rule 403 allows a judge to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 404 applies to character evidence, and

---

[1] Sections 61-8-401, -406 or -411, MCA.

subsection (b) limits admissibility of other crimes, wrongs or acts when offered to prove the character of a person to show action in conformity with that character. Meyer contended that the evidence of prior convictions was more prejudicial than probative and should therefore be excluded. He offered to stipulate to the prior convictions for "sentencing purposes" as long as the jury did not hear about them.

¶5 The Justice Court determined that conviction of a prior DUI is an element of the charge of Aggravated DUI; that the State had the burden to prove the prior offense at trial; and that the State could meet its burden by introducing a copy of Meyer's driving record. The Justice Court admitted Meyer's certified driving record into evidence. It contained two entries (for years 2001 and 2005) that indicated that Meyers had prior convictions for "driving under the influence of alcohol." No other material details of the prior convictions are contained in the driving record.

¶6 The Justice Court instructed the jury on the statutory elements of the offense of Aggravated DUI, including the requirement that the defendant "has one prior conviction or pending charge for a violation of Driving Under the Influence of Alcohol or Operating a Vehicle with an Alcohol Concentration in Excess of .08 within 10 years of the commission of the present offense." The Justice Court jury convicted Meyer of Aggravated DUI.

¶7 Meyer appealed the conviction to the District Court in Flathead County, which conducted an appellate review based upon the Justice Court record. The District Court considered Meyer's contention that evidence of his prior DUI offenses was not an element of the crime of Aggravated DUI, but was relevant only as a "penalty provision" so did not

3

need to be proven at trial. Meyer also argued that evidence of his prior convictions was prejudicial under M. R. Evid. 403 and 404 and should therefore be excluded.

¶8 The District Court agreed with the Justice Court that evidence of Meyer's prior DUI convictions proved an element of the charged crime of Aggravated DUI that must be determined by the jury. The District Court concluded that a charge of Aggravated DUI under § 61-8-465, MCA, "requires evidence of a jury determination that the defendant had been convicted or charged with prior DUI violations." Meyer's offer to stipulate to the prior convictions at sentencing failed to address the issue that the Aggravated DUI statute requires the jury to find that there were prior DUI convictions in order to convict Meyer of the charged offense.

¶9 The District Court affirmed Meyer's conviction of Aggravated DUI and Meyer appeals.

**STANDARD OF REVIEW**

¶10 This Court reviews cases that originate in justice court and are appealed to district court as if the appeal were originally filed in this Court, undertaking an independent examination of the record. *State v. Kebble*, 2015 MT 195, ¶ 14, 380 Mont. 69, 353 P.3d 1175. The Flathead County Justice Court is a court of record, and the appeal to the District Court was an appeal on the record, with the District Court functioning as an intermediate appellate court. Sections 3-5-303, 3-10-115, MCA; *Stanley v. Lamire*, 2006 MT 304, ¶ 24, 334 Mont. 489, 148 P.3d 643. In an appeal from a justice court of record, the district court's review is confined to the record. The district court reviews the justice court findings of fact to determine whether they meet the clearly erroneous standard, reviews

4

discretionary rulings for abuse of discretion, and legal conclusions to determine whether they are correct. *Stanley*, ¶ 25.

¶11 On appeal from the district court's review of the justice court decision, this Court examines the record independently to determine whether the justice court's findings of fact meet the clearly erroneous standard, whether its discretionary rulings were an abuse of discretion, and whether its legal conclusions were correct. *Stanley*, ¶ 26.

¶12 This Court reviews a district court's decisions on the admissibility of evidence for an abuse of discretion, which occurs when the district court acts arbitrarily or unreasonably, resulting in a substantial injustice. *State v. Jenkins*, 2011 MT 287, ¶ 4, 362 Mont. 481, 265 P.3d 643. This Court reviews a district court's decision on issues of law to determine whether the decision was correct. *State v. Frickey*, 2006 MT 122, ¶ 9, 332 Mont. 255, 136 P.3d 558.

## DISCUSSION

¶13 *Issue: Whether the District Court properly affirmed Meyer's Justice Court DUI conviction.*

¶14 The determination of whether a jury must find a fact beyond a reasonable doubt in a criminal case turns upon whether the fact is an element of the offense. *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151, 2158 (2013). A fundamental principle of the criminal justice system is that the State bears the burden to prove each element of a charged offense beyond a reasonable doubt. *State v. Daniels*, 2011 MT 278, ¶ 33, 362 Mont. 426, 265 P.3d 623. Identifying the elements of an offense turns upon whether the Legislature intended to create a separate offense, or to authorize the court to increase punishment after conviction.

5

*Almendarez-Torres v. United States*, 523 U.S. 224, 233-35, 118 S. Ct. 1219, 1225-26 (1998).

¶15     The reviewing court will first consider the plain language of the statute to determine legislative intent. *Infinity Ins. Co. v. Dodson*, 2000 MT 287, ¶ 46, 302 Mont. 209, 14 P.3d 487. Section 61-8-465, MCA, defines the offense of Aggravated DUI in Montana:

> (1) A person commits the offense of aggravated driving under the influence if the person is in violation of 61-8-401, 61-8-405 or 61-8-411 and:
> (a) the person's alcohol concentration, as shown by analysis of the person's blood or breath is 0.16 or more;
> (b) the person is under the order of a court or the department to equip any motor vehicle the person operates with an approved ignition interlock device;
> (c) the person's driver's license or privilege to drive is suspended, canceled, or revoked as a result of a prior violation of 61-8-401, 61-8-406 or 61-8-411;
> (d) the person refuses to provide a breath or blood sample as required in 61-8-402 and the person's driver's license or privilege to drive was suspended, canceled, or revoked under 61-8-492 within 10 years of the commission of the present offense, or
> (e) the person has one prior conviction or pending charge for the violation of 45-5-106, 45-5-205, 61-8-401, 61-8-496, 61-8-411 or this section within 10 years of the commission of the present offense or has two or more prior convictions or pending charges or any combination thereof, for violations of 45-5-106, 45-5-205, 61-8-401, 61-8-496, or 61-8-411.

Subsequent subsections of the statute provide separate punishments for first, second and subsequent convictions for Aggravated DUI.

¶16     It is clear from the plain language of subsection (1) of § 61-8-465, MCA, that the Legislature chose to create a single "offense" of Aggravated DUI, with five alternative offense elements in addition to a present charge of DUI. These alternative offense elements

6

include having a high blood alcohol concentration; being under court order to use an ignition interlock device; driving with a suspended, canceled or revoked license; refusing to provide a breath or blood sample; and having one or more prior DUI convictions. It is beyond argument that § 61-8-465, MCA, provides separate alternative offense elements, so that the State is required to prove the applicable element at trial beyond a reasonable doubt in order to obtain a conviction. These alternative elements clearly show the Legislature's intent to target habitual or repeat DUI offenders.

¶17    It is also plain from the language of the statute that the Legislature listed the elements of the offense of Aggravated DUI separate and apart from the penalty provisions. The elements of the offense in subsection (1) define the offense of Aggravated DUI and not the punishment. The punishments appear in subsections (2) through (6) of § 61-8-465, MCA. The requirement that the jury find that there was a prior DUI conviction is part and parcel of the jury's decision to convict. It is listed as an element of the offense and it does not expose the defendant to any greater punishment than the punishment that attends the conviction itself. *Apprendi v. New Jersey*, 530 U.S. 466, 494, 120 S. Ct. 2348, 2365 (2000); *State v. Weldele*, 2003 MT 117, ¶ 37, 315 Mont. 452, 69 P.3d 1162.

¶18    The existence of a prior conviction is often a factor that allows the judge to impose increased punishment after conviction. The existence of the prior conviction may be determined by the judge at sentencing and does not need to be found as a fact by the jury. *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63; § 46-1-401, MCA. Such an "enhancing act" that allows imposition of a greater sentence is one "that is not included in the statutory definition of the elements of the charged offense." Section 46-1-401(3), MCA. However,

7

that is not the case here, where the prior conviction is clearly stated as a statutory element of the offense.

¶19 Meyer agrees that the aggravation elements in § 61-8-465, MCA, including prior DUI offenses, are elements of the crime of Aggravated DUI. However, he contends that they are "recidivism" elements that need not be proven beyond a reasonable doubt under *Apprendi*. This contention is based upon the mistaken premise that the alternative aggravation factors in § 61-8-465, MCA, are sentencing considerations. They are not, as explained above, but rather are substantive requirements that the State must prove beyond a reasonable doubt to secure a conviction.

¶20 Meyer's reliance upon prior decisions of this Court is likewise misplaced. In *Weldele* the defendant was charged with the offense of DUI. He attacked the validity of one or more of his prior DUI convictions that the State intended to use to enhance the punishment for his DUI to a felony. This Court held that under *Apprendi* the State did not have to prove the prior DUI convictions to the jury because they applied at sentencing. *Weldele*, ¶ 40. The other cases that Meyer relies upon in this context, *State v. Covington*, 2012 MT 31, 364 Mont. 118, 272 P.3d 43, and *State v. Vaughn*, 2007 MT 164, 338 Mont. 97, 164 P.3d 873, both involved issues of sentence enhancement based upon prior felony convictions and are therefore not analogous to the present case.

¶21 The state of Arizona has an aggravated DUI statute very similar to the Montana statute under consideration in the present case. In *State v. Root*, 985 P.2d 494 (Az. 1999), the Arizona Court considered an appeal of an aggravated DUI conviction. The defendant argued that determination of the aggravation factor should be bifurcated from the issue of

8

the present DUI, so that the jury would never hear about his driving record. The Arizona Court held that the aggravation factor was an element of the crime that must be found by the jury beyond a reasonable doubt, and that the State was required to prove the factor to show the nature of the prior offense. *Root*, ¶ 12. The aggravation factors in the Arizona statute were elements of the crime of aggravated DUI, were not "a mere sentencing consideration," and the determination could not be delegated to the judge in a case tried to a jury. *Root*, ¶¶ 12-13. Those same considerations apply in the present case.

¶22 Meyer argues that it was impermissibly prejudicial to his interests to allow the jury to know that he was twice convicted of DUI. He argues that the prior DUIs were erroneously admitted (based on M. R. Evid. 403 and 404) and that the State must demonstrate that there is no reasonable possibility that the evidence contributed to his conviction. Rule 403 allows a district court to exclude admissible evidence if its probative value is outweighed by its prejudicial effect, and that determination is within the sound discretion of the court. *State v. Mayes*, 251 Mont. 358, 371-72, 825 P.2d 1196 (1992). Rule 404 places limitations on the admission of evidence concerning other crimes or wrongs. *State v. Stewart*, 2012 MT 317, ¶ 61, 367 Mont. 503, 291 P.3d 1187.

¶23 Evidence is probative if it has any tendency to make the existence of a fact that is consequential to the determination of the action more or less probable than without it. M. R. Evid. 401. Evidence is relevant and admissible if there is a link between the evidence and a fact or element in question. *State v. Wilmer*, 2011 MT 78, ¶ 14, 360 Mont. 101, 252 P.3d 178. The "element in question" in this case was a prior DUI conviction.

9

¶24 The evidence of prior DUIs was not erroneously admitted. Proof of the prior DUI was required as an element of the offense of aggravated DUI. Indeed, the evidence contributed to the conviction because it established a statutory element required for a conviction. Undoubtedly the admission of the evidence was prejudicial. However, the use of the prior DUIs was not impermissibly prejudicial. The State established this necessary element of the offense through a copy of Meyer's driving record which indicated only that he had a prior conviction and the date. There were no other details of the prior offenses and admitting evidence of a statutory element of the charged offense was not trial error.

¶25 Admissible probative evidence in a criminal prosecution will "frequently and inevitably be prejudicial" to the defendant, because the purpose of the proceeding is to secure a conviction and to impose a sanction. *State v. Swenson*, 2008 MT 308, ¶ 25, 346 Mont. 34, 194 P.3d 625 (concerning evidence of prior bad acts by the defendant). While evidence of Meyer's prior convictions may have made him uncomfortable, that is the nature of a criminal prosecution. A defendant does not have the right to have the prosecution "sanitized to the point that important and probative evidence must be excluded." *State v. Cox*, 266 Mont. 110, 122, 879 P.2d 662, 669 (1994); *State v. Langford*, 267 Mont. 95, 105, 882 P.2d 490, 496 (1994). There was no unlawful prejudice in this case.

## CONCLUSION

¶26 The decision of the District Court affirming Meyer's conviction for Aggravated DUI is affirmed.

/S/ MIKE McGRATH


We Concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE