Justice Ingrid Gustafson delivered the Opinion of the Court.
***96 ¶1 Kena Annette Holland (Holland) appeals the Order on Defendant's Appeal issued by the First Judicial District Court, Lewis and Clark ***97 County, on May 17, 2017. We reverse and remand for a new trial.
¶2 We restate the issue on appeal as follows:
Did the Justice Court err by permitting the State to introduce evidence of the Defendant's prior DUI convictions in an Aggravated DUI trial?
FACTUAL AND PROCEDURAL BACKGROUND
¶3 On August 14, 2016, Kristen Blyseth (Blyseth), an employee at McDonald's, called Helena police to report a possible drunk driver who had just gone through the McDonald's drive-thru. Blyseth stated that the female driver, later identified as Holland, was drinking from a beer bottle. Blyseth informed police that the driver was driving a "green truck" and provided its license plate number. Dispatch alerted patrol units of this information. Lewis and Clark County Sheriff's Deputy Bradley Bragg (Deputy Bragg) was on patrol when he received the call from dispatch and began to look for Holland's vehicle. Deputy Bragg observed Holland's vehicle traveling on North Montana Avenue and turned around to get behind it. Another car turned onto the road and got between Deputy Bragg and Holland's vehicle. Deputy Bragg testified that he observed Holland cross the fog line once and the center line twice-though this is not visible on his in-car video-and activated his overhead lights to perform a traffic stop of Holland. Holland pulled over in the entrance to the Evergreen Trailer Court on North Montana Avenue.
¶4 Deputy Bragg made contact with Holland at her vehicle and informed her of the reason for the stop. Holland behaved strangely and had trouble getting Deputy Bragg her license and registration. Deputy Bragg did not smell alcohol on Holland at this time. Deputy Bragg asked Holland to step out of her truck to perform numerous field sobriety tests. Deputy Bragg had Holland perform the horizontal gaze nystagmus (HGN), lack of convergence, walk-and-turn, one-leg-stand, and modified Romberg tests, as well as recite the alphabet. Holland showed no clues of impairment on some tests and several clues of impairment on others.[1]
*522 Based on the totality of the circumstances, ***98 Deputy Bragg arrested Holland for DUI. Deputy Bragg read Holland the implied consent advisory and requested that Holland take a blood test. Holland agreed to take the blood test, and Deputy Bragg transported her to St. Peter's Hospital for a blood draw. Holland's blood alcohol level (BAC) was measured to be 0.079, and she also tested positive for an inactive, non-impairing THC metabolite.[2]
¶5 On August 15, 2016, Holland was charged with Aggravated DUI, 2nd Offense, in violation of § 61-8-465(1)(e), MCA, by Affidavit and Order re: Probable Cause in the Lewis and Clark County Justice Court (Justice Court).[3] On the morning of jury trial in the Justice Court, Holland moved to bifurcate trial-suggesting that the Justice Court instruct the jury on the elements of standard DUI, and then, if the jury determined Holland was guilty of DUI, stipulating to or presenting evidence of Holland's prior DUIs to meet the aggravating element. Holland argued that the evidence of her prior DUIs was too prejudicial under M. R. Evid. 403. The Justice Court denied Holland's motion, and the State referenced Holland's prior DUI convictions in its opening argument, had Deputy Bragg testify to Holland's prior DUIs, and referenced them again during its closing argument.
¶6 The jury convicted Holland of Aggravated DUI. Holland was then sentenced by the Justice Court for the offense of Aggravated DUI, 3rd Offense.[4] Holland appealed the Justice Court's denial of her motion to ***99 exclude the prior DUI evidence to the First Judicial District Court, Lewis and Clark County. After the parties briefed the matter, the District Court affirmed the Justice Court's decision. Holland appeals.
STANDARD OF REVIEW
¶7 Upon Holland's appeal from Justice Court, the District Court functioned as an intermediate appellate court. See §§ 3-5-303 and 3-10-115, MCA. When district courts function as intermediate appellate courts for appeals from lower courts of record, we review the appeal de novo as though it were originally filed in this Court. State v. Akers , 2017 MT 311, ¶ 9, 389 Mont. 531, 408 P.3d 142. We examine the record independently of the district court's decision, reviewing the trial court's findings of fact under the clearly erroneous standard, its discretionary rulings for abuse of discretion, and its legal conclusions for correctness. State v. Meyer , 2017 MT 124, ¶ 11, 387 Mont. 422, 396 P.3d 1265 (citing Stanley v. Lemire , 2006 MT 304, ¶ 26, 334 Mont. 489, 148 P.3d 643 ).
*523 ¶8 We review a district court's rulings on the admissibility of evidence for an abuse of discretion. State v. Zimmerman , 2018 MT 94, ¶ 13, 391 Mont. 210, 417 P.3d 289 (citing Meyer , ¶ 12 ). An abuse of discretion occurs when the district court acts arbitrarily or unreasonably, resulting in substantial injustice. Zimmerman , ¶ 13 (citing State v. Price , 2006 MT 79, ¶ 17, 331 Mont. 502, 134 P.3d 45 ). "Although a district court possesses broad discretion to determine the admissibility of evidence, judicial discretion must be guided by the Rules of Evidence, applicable statutes, and principles of law." Zimmerman , ¶ 13 (citing Maier v. Wilson , 2017 MT 316, ¶ 17, 390 Mont. 43, 409 P.3d 878 ).
DISCUSSION
¶9 Did the Justice Court err by permitting the State to introduce evidence of the Defendant's prior DUI convictions in an Aggravated DUI trial?
¶10 Holland appeals her Aggravated DUI conviction following a ***100 jury trial in the Justice Court. Section 61-8-465(1), MCA, defines the offense of aggravated driving under the influence in Montana:
A person commits the offense of aggravated driving under the influence if the person is in violation of 61-8-401, 61-8-406, or 61-8-411 and:
(a) the person's alcohol concentration, as shown by analysis of the person's blood or breath, is 0.16 or more;
(b) the person is under the order of a court or the department to equip any motor vehicle the person operates with an approved ignition interlock device;
(c) the person's driver's license or privilege to drive is suspended, canceled, or revoked as a result of a prior violation of 61-8-401, 61-8-402, 61-8-406, or 61-8-411;
(d) the person refuses to provide a breath sample as required in 61-8-402 and the person's driver's license or privilege to drive was suspended, canceled, or revoked under 61-8-402 within 10 years of the commission of the present offense; or
(e) the person has one prior conviction or pending charge for a violation of 45-5-106, 45-5-205, 61-8-401, 61-8-406, 61-8-411, or this section within 10 years of the commission of the present offense or has two or more prior convictions or pending charges, or any combination thereof, for violations of 45-5-106, 45-5-205, 61-8-401, 61-8-406, or 61-8-411.
Later subsections of the statute provide for separate punishments for first, second, and third convictions of Aggravated DUI. Holland was charged with, and convicted of, a violation of § 61-8-465(1)(e), MCA, for having two prior DUI convictions.
¶11 Generally, evidence of other crimes, wrongs, or acts is not admissible in Montana, and may not be admitted to prove a person's character to show that he or she acted in conformity with that character on a particular occasion. Zimmerman , ¶ 30 (citing State v. Franks , 2014 MT 273, ¶ 14, 376 Mont. 431, 335 P.3d 725 ); see also M. R. Evid. 403, 404(b), and 609. Evidence of prior crimes is inadmissible if offered "for a purpose that requires the inference from bad act to bad person to guilty person, but may be admissible if it proves a material issue without requiring any inference to the defendant's criminal disposition." Franks , ¶ 14 (internal citations and quotations omitted).
¶12 Regardless of the purpose for which it is admitted, evidence of prior crimes may unduly prejudice the jury against the defendant. Zimmerman , ¶ 31 (citing Franks , ¶ 15 ). "Evidence offered for a valid purpose under M. R. Evid. 404(b) is still subject to the balancing test prescribed by M. R. Evid. 403, which allows the exclusion of relevant ***101 evidence if its probative value is substantially outweighed by the danger of unfair prejudice." Zimmerman , ¶ 31 (citing Franks , ¶ 15 ). "Unfair prejudice may arise from evidence that arouses the jury's hostility or sympathy for one side, confuses or misleads the trier of fact, or unduly distracts the jury from the main issues." Franks , ¶ 16 (citing State v. Bieber , 2007 MT 262, ¶ 59, 339 Mont. 309, 170 P.3d 444 ).
¶13 Before trial, Holland offered to either stipulate to her prior DUIs or bifurcate the proceeding and allow the State to present the prior DUI evidence only after the jury convicted *524 her of "standard" DUI. On the facts of this case, the only "standard" DUI Holland could be convicted of is § 61-8-401, MCA, which states, in relevant part, that it is unlawful "for a person who is under the influence ... of alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public[.]" Section 61-8-401(1)(a), MCA. The Justice Court rejected both of Holland's proposals. A large portion of voir dire then consisted of questions related to previous DUIs. The State mentioned Holland's previous DUI convictions during its opening statement, Deputy Bragg testified to Holland's previous DUI convictions on the stand, and the State again mentioned Holland's previous DUIs during closing argument.
¶14 The State argues that both stipulation of Holland's prior DUIs and bifurcation of trial are foreclosed by our decision in Meyer . Our decision in Meyer is easily distinguishable from the case at hand. In Meyer , Meyer argued that evidence of his prior DUIs was only relevant as a penalty provision and offered to stipulate to the prior convictions at sentencing, not as an element of the crime of Aggravated DUI. Meyer , ¶¶ 7-8. We held that the admission of evidence of Meyer's prior DUIs was not erroneous because proof of the prior DUI was "required as an element of the offense of aggravated DUI[,]" and such evidence "was not impermissibly prejudicial." Meyer , ¶ 24. Here, as in Zimmerman , Holland readily admits that her prior DUIs are an element of Aggravated DUI. Zimmerman , ¶ 36. Holland simply sought to have them excluded from evidence until the jury determined whether she was driving under the influence on August 14, 2016.
¶15 In Zimmerman , we noted that bifurcation of trial on Aggravated DUI charges may "provide a workable solution" to mitigate the prejudice of introducing prior DUI convictions into evidence. Zimmerman , ¶ 38 n. 1. We did not adopt bifurcation at the time. We do so now. The Justice Court did not balance the probative value of the prior DUI evidence with its inherent prejudice pursuant to M. R. Evid. 403 before denying Holland's motion to bifurcate trial. When the two ***102 are balanced, it is abundantly clear that the inherent prejudice of evidence of her prior DUI convictions outweighs its probative value until after the jury has determined whether she was driving under the influence of alcohol on a way of the state open to the public during the specific August 14, 2016 incident.
¶16 The Aggravated DUI statute plainly requires that a person commit a "standard" DUI plus the existence of an aggravating factor. When, as under § 61-8-465(1)(e), MCA, the aggravating factor is evidence of prior DUIs, bifurcation of trial is required to cure the inherent unfair prejudice involved in presenting that prior DUI evidence to the jury. The State argues that it would lead to an "impermissible result" if a jury did not return a guilty verdict on the driving while under the influence element of Aggravated DUI, but this concern is unfounded. A person may only be convicted of Aggravated DUI if they are driving under the influence and have an aggravating element. Section 61-8-465, MCA. If the jury finds that the person charged was not driving or in actual physical control of a vehicle upon the ways of the state open to the public while under the influence of alcohol or drugs during the specific incident forming the basis of the charge, the defendant may not be convicted of Aggravated DUI regardless of the existence of the aggravating element of prior DUIs.
¶17 In a case such as this, where Holland's BAC is below the level where her impairment may be inferred, the evidence of her prior DUIs could clearly tip the scale to a guilty verdict. Bifurcation of trial provides a simple solution to avoid this prejudice. If, in an Aggravated DUI trial under § 61-8-465(1)(e), MCA, the jury finds a defendant guilty of driving or of being in actual physical control of a vehicle upon the ways of the state open to the public under the influence of alcohol or drugs during the first phase of trial, the State may then introduce evidence of that defendant's prior DUIs to the jury to meet the aggravating element in the second phase of trial. This solution both removes unfair prejudice from defendants and allows the State to present each element of the *525 offense to the jury. Because we have determined that bifurcation of trial is required to best limit the highly prejudicial nature of prior DUI convictions, we do not address Holland's alternative argument regarding stipulation to her prior DUIs in a single-phase trial.
¶18 The dissent mischaracterizes our holding herein. We have not altered the State's requirement to prove each element of the offense beyond a reasonable doubt. Further, the Aggravated DUI statute set forth in § 61-8-465(1)(e), MCA, did not legislate away the applicability of Montana's Rules of Evidence as provided under § 46-16-201, MCA.
***103 The State will continue to be required to prove the aggravating factor element of an Aggravated DUI during the second phase of the trial, providing it proved the DUI elements beyond a reasonable doubt in the first phase. This approach requires the State to prove every element of the offense beyond a reasonable doubt while protecting against the undue prejudice of other crimes as contemplated by M. R. Evid. 403, 404(b), and 609.
¶19 Finally, the State alternatively argues that any error in presenting evidence of Holland's prior DUIs was harmless. "[I]n order to prove that trial error was harmless, the State must demonstrate that there is no reasonable possibility that the inadmissible evidence might have contributed to the conviction." Van Kirk , ¶ 47. The State asserts that the evidence that Holland was under the influence of alcohol was "overwhelming." We disagree. Holland's BAC was measured at 0.079, which is below the legal limit to infer that Holland was under the influence of alcohol. Section 61-8-401(4)(c), MCA. Holland's blood test results did not show the presence of any impairing drugs. Based on these two facts alone, we cannot find that there is "no reasonable possibility" that the improperly admitted evidence of Holland's prior DUIs might have contributed to her conviction. Van Kirk , ¶ 47.
CONCLUSION
¶20 The Justice Court erred when it allowed the State to introduce evidence of Holland's prior DUI convictions during trial. Trial should have been bifurcated to cure the unfair prejudice presented by evidence of Holland's prior DUI convictions.
¶21 Reversed and remanded for a new trial.
We concur:
MIKE McGRATH, C.J.
LAURIE McKINNON, J.
BETH BAKER, J.
JAMES JEREMIAH SHEA, J.
DIRK M. SANDEFUR, J.

At trial, Deputy Bragg testified to both the scientific basis for the HGN test and to Holland's performance on the test. We have long held that the State must introduce the scientific foundation for the HGN test through expert testimony to provide sufficient foundation for the admission of evidence concerning the HGN test. E.g. , Hulse v. DOJ, Motor Vehicle Div. , 1998 MT 108, ¶¶ 69-72, 289 Mont. 1, 961 P.2d 75 ; State v. Van Kirk , 2001 MT 184, ¶ 27, 306 Mont. 215, 32 P.3d 735 ; State v. Crawford , 2003 MT 118, ¶ 25, 315 Mont. 480, 68 P.3d 848 ; State v. Michaud , 2008 MT 88, ¶ 33, 342 Mont. 244, 180 P.3d 636 ; State v. Harris , 2008 MT 213, ¶ 8, 344 Mont. 208, 186 P.3d 1263 ; and State v. Bollman , 2012 MT 49, ¶ 26, 364 Mont. 265, 272 P.3d 650. Deputy Bragg testified as a scientific expert on the relation between alcohol consumption and nystagmus without being qualified as an expert pursuant to M. R. Evid. 702. Holland did not object to this at trial or appeal this issue to either the District Court or here, so we do not address it.

At trial, Doug Lancon, a scientist from the State Crime Lab, testified to the results from Holland's blood test. Though Lancon testified regarding his education and noted that he had testified as an expert witness "96" times previously, the State did not move to qualify Lancon as an expert in this case pursuant to M. R. Evid. 702. Once again, Holland did not object to this at trial or appeal the issue to either the District Court or here, so we do not address it.

The Affidavit and Order re: Probable Cause attested to by Deputy Bragg and signed by the Justice Court contains no reference to prior DUI convictions. Holland did not appeal the lack of probable cause to charge her with the offense and therefore we do not address it on appeal.

At some point between the Affidavit and Order re: Probable Cause being signed on August 15, 2016, and an Order Revoking Bond and Warrant for Arrest being signed on October 6, 2016, the charge was amended by the Justice Court from Aggravated DUI, 2nd offense, to Aggravated DUI, 3rd offense. There is no evidence in the record reflecting why this change was made. As we noted previously, the Affidavit and Order re: Probable Cause did not contain any references to prior DUI convictions. At trial, the parties stipulated to, and the State presented evidence of, Holland's two prior DUI convictions. There was no evidence presented that either prior conviction was for Aggravated DUI. Once again, Holland did not object to this at trial or sentencing and did not appeal the issue to either the District Court or here, so we do not address it.