FILED

09/15/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0480

DA 19-0480

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 236N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

VALORIE SUE CHURMAGE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                     In and For the County of Flathead, Cause No. DC-19-028(A)
                     Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Valorie Sue Churmage, Self-Represented, Kalispell, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Kathryn F. Schulz, Assistant
          Attorney General, Helena, Montana

          Travis R. Ahner, Flathead County Attorney, Renn Fairchild, Deputy County
          Attorney, Kalispell, Montana

                          Submitted on Briefs:  July 29, 2020

                                 Decided:  September 15, 2020

Filed:

                        _____
                                   Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Defendant Valorie Sue Churmage appeals from the April 22, 2019 order of the Eleventh Judicial District Court, Flathead County, affirming her conviction in the Flathead County Justice Court of Driving Under the Influence of Alcohol (DUI)—second offense.

¶3 Churmage raised a number of issues before the District Court for the first time on appeal. Because the Flathead County Justice Court is a court of record authorized by § 3-10-101(5), MCA, the District Court correctly observed it was confined to a review of the Justice Court record and thus declined to consider issues Churmage raised for the first time on appeal. We likewise confine our review to those issues properly preserved for appeal. Mont. Code Ann. §46-20-104(2); *State v. Longfellow*, 2008 MT 343, ¶ 19, 346 Mont. 286, 194 P.3d 694. Therefore, we consider the following two issues which we determine are properly before us: (1) whether sufficient evidence supported the jury's verdict; and (2) whether Churmage's trial counsel was ineffective. We affirm.

¶4 On the evening of July 2, 2017, Montana Highway Patrol Trooper Jason Fetterhoff responded to a 911 call from Ashley Ersland, Churmage's son-in-law. Ersland reported that Churmage had driven her car into the side of the house he shared with his wife,

children, and Churmage.[1] Ersland believed the impact had severed a gas line. Ersland also believed Churmage was intoxicated.

¶5    When Fetterhoff arrived at the scene, he observed damage to the gas line, the gas meter box, and the front end of Churmage's vehicle. Upon making contact with Churmage, Fetterhoff observed a strong odor of alcohol emanating from her, as well as slurred speech, bloodshot eyes, and that she stumbled while walking. Fetterhoff conducted standard field sobriety tests (SFSTs), which Churmage performed poorly. During the encounter with Fetterhoff, Churmage admitted to driving the vehicle home after consuming alcohol at the Rainbow Bar. Churmage refused to consent to a blood draw, so Fetterhoff applied for and was granted a warrant, which revealed Churmage's blood alcohol concentration (BAC) to be 0.207 percent. Churmage was arrested and charged with DUI in Flathead County Justice Court.

¶6    At trial, the State presented testimony from Ersland and Fetterhoff. Ersland testified that at around 7:45 p.m. on the evening in question, he was smoking a cigarette outside the house and Churmage's car was not there. Ersland went inside and a short time later he heard a thump outside his son's room and then a loud hissing noise. He looked outside his son's room and saw Churmage's car right up against the house. He told his wife to get the children out of the house because he thought Churmage's car had broken the gas line. He then went into the hallway that connects the house and garage and observed, through a window, Churmage sitting in the driver's seat of her car. He ran back into the house to

_____

[1] Churmage lived in an apartment over the attached garage.

make sure his wife and children had safely evacuated and then went to Churmage's car, where he had to coax her out of the car to join the rest of the family at a camp trailer some distance from the house.

¶7    Fetterhoff testified that when he encountered Churmage, she had a strong odor of alcohol emanating from her, her speech was slurred, her eyes were bloodshot, and she stumbled while walking. He testified she performed poorly on the SFSTs. He testified she admitted to driving her car home after consuming alcohol at the Rainbow Bar. He testified Churmage refused to consent to a blood draw, so he applied for and was granted a warrant which revealed Churmage's BAC to be 0.207 percent. The results of Churmage's blood test were introduced into evidence.

¶8    The jury found Churmage guilty of DUI.

¶9    In cases where a district court functions as an intermediate appellate court from a lower court of record, we review the appeal de novo as though it were originally filed in this Court. *State v. Holland*, 2019 MT 128, ¶ 7, 396 Mont. 94, 443 P.3d 519 (citing *State v. Akers*, 2017 MT 311, ¶ 9, 389 Mont. 531, 408 P.3d 142). We examine the record independently of the district court's decision, reviewing the lower court's findings of fact under the clearly erroneous standard, its discretionary rulings for abuse of discretion, and its legal conclusions for correctness. *Holland*, ¶ 7.

¶10    Whether sufficient evidence exists to convict a defendant is an analysis and application of the law to the facts and, as such, is properly reviewed de novo. *State v. Gunderson*, 2010 MT 166, ¶ 58, 357 Mont. 142, 237 P.3d 74. The standard of review of sufficiency of the evidence on appeal is whether, upon viewing the evidence in

4

the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Rennaker*, 2007 MT 10, ¶ 16, 335 Mont. 274, 150 P.3d 960. The jury's determination with regard to disputed questions of fact and credibility will not be disturbed on appeal. *Rennaker*, ¶ 16.

¶11 Ineffective assistance of counsel claims are mixed questions of law and fact which we review de novo. *State v. Ward*, 2020 MT 36, ¶ 15, 399 Mont. 16, 457 P.3d 955.

¶12 Churmage contends her DUI conviction was not supported by sufficient evidence. This contention is wholly without merit. As detailed above, the evidence of Churmage's guilt is overwhelming. The District Court did not err by rejecting Churmage's claim of insufficient evidence.

¶13 Churmage argues her trial counsel was ineffective. In order to succeed on an ineffective assistance of counsel claim, a defendant must establish both elements of a two-part test. *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861 (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). The Defendant must show: (1) "that counsel's performance was deficient—making errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment," and (2) "that counsel's performance prejudiced the defendant, in other words, that the errors 'were so serious as to deprive the defendant of a fair trial.'" *State v. Schowengerdt*, 2018 MT 7, ¶ 31, 390 Mont. 123, 409 P.3d 38 (quoting *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861).

¶14 To establish prejudice under the second prong of the *Strickland* test, the defendant must show there is a "reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different." *City of Libby v. Hubbard*, 2018 MT 2, ¶ 19, 390 Mont. 108, 408 P.3d 532. This means there must be "a probability sufficient to undermine confidence in the outcome." *Robinson v. State*, 2010 MT 108, ¶ 12, 356 Mont. 282, 232 P.3d 403 (*citing Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068). The prejudice inquiry focuses on whether counsel's deficient performance rendered the trial result unreliable or the proceedings fundamentally unfair. *Hubbard*, ¶ 19 (*citing Riggs v. State*, 2011 MT 239, ¶ 12, 362 Mont. 140, 264 P.3d 693 (citation omitted).

¶15 Having reviewed the record in its entirety, we find no merit to Churmage's claims of ineffective assistance of counsel. Assuming, for the sake of argument, her trial counsel was somehow ineffective in any or all of the instances she alleges, when considered in light of the overwhelming evidence of her guilt, we find no reasonable probability of a different outcome in this case. We affirm the District Court's holding that Churmage did not receive ineffective assistance of counsel at trial.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JIM RICE