No. 02-644

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 208

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

MICHAEL TOTH,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and for the County of Madison, Cause No. DC-29-02-9,
The Honorable Richard A. Simonton, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Lucas J. Foust, Attorney at Law, Bozeman, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

            Robert Zenker, Madison County Attorney, Virginia City, Montana

Submitted on Briefs:  April 24, 2003

Decided:  August 12, 2003

Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1    Following an arrest for driving under the influence of alcohol, Appellant Michael Toth moved the Fifth Judicial District Court, Madison County, to suppress the evidence obtained following a request for a preliminary breath test. Toth argued that the officer needed probable cause to request the preliminary breath test sample. The District Court denied Toth's motion, concluding that the officer needed only a particularized suspicion to request a breath sample for preliminary breath test analysis. We affirm.

¶2    The sole issue on appeal is whether the District Court erred when it concluded that Officer Nelson needed only a particularized suspicion to request a breath sample for preliminary breath test analysis.

## BACKGROUND

¶3    In the late evening of December 4, 2001, Madison County law enforcement received a report that the occupants of a diesel truck discharged a weapon in front of the complainant's house. In the early morning of December 5, 2001, Montana Highway Patrol Officer Jay Nelson and Madison County Undersheriff Bill Clark encountered the vehicle and conducted an investigatory stop.

¶4    The driver, Toth, denied discharging a weapon but indicated that he and the occupants set off firecrackers in the area. During the exchange, Officer Nelson detected an odor of alcohol emanating from Toth's person. Toth admitted that he consumed alcoholic beverages earlier in the evening. Toth then accompanied Officer Nelson to the patrol car. In the patrol car, Officer Nelson again detected an odor of alcohol emanating from Toth's person. Officer

Nelson also noted that Toth's eyes were glassy. Toth agreed to submit a breath sample for preliminary breath test analysis. The analysis indicated that Toth's blood alcohol exceeded .100. Therefore, Officer Nelson placed Toth under arrest and transported him to the Madison County Detention Center.

¶5 At the Detention Center, Officer Nelson administered various standardized field sobriety tests. Officer Nelson also obtained another breath sample for analysis. The breath analysis indicated a blood alcohol content of .135 and the horizontal gaze nystagmus test revealed positive indicators of intoxication. Accordingly, Officer Nelson issued Toth a citation for driving under the influence of alcohol.

¶6 In December 2001, the State charged Toth in the Madison County Justice Court with driving under the influence of alcohol, second offense, in violation of § 61-8-401, MCA, and obstructing a peace officer, in violation of § 45-7-302, MCA. On March 28, 2002, Toth moved to suppress the results of the preliminary breath test. The Justice Court subsequently denied Toth's motion. Toth then pled guilty to both offenses, subject to his right to appeal the suppression issue. On the driving under the influence charge, the Justice Court sentenced Toth to six months in jail, all but three days suspended with conditions, and fined him $500.00. As to the obstruction charge, the Justice Court sentenced Toth to six months in jail, all suspended, and fined him $200.00. Toth appealed to the District Court.

¶7 On July 12, 2002, Toth moved the District Court to suppress all of the evidence obtained following the request for preliminary breath test analysis. Therein, Toth argued that Officer Nelson needed probable cause to request a breath sample for preliminary breath test

3

analysis. The District Court denied Toth's motion, concluding that Officer Nelson needed only a particularized suspicion to administer the preliminary breath test. The District Court later denied Toth's motion to reconsider. On September 25, 2002, Toth filed a notice of appeal from the denial of his motion to suppress.

STANDARD OF REVIEW

¶8     We review a district court's denial of a motion to suppress to determine whether the court's findings of fact are clearly erroneous and whether its interpretation of the law is correct. *State v. Lovegren*, 2002 MT 153, ¶ 9, 310 Mont. 358, ¶ 9, 51 P.3d 471, ¶ 9.

DISCUSSION

¶9     Did the District Court err when it concluded that Officer Nelson needed only a particularized suspicion to request a breath sample for preliminary breath test analysis?

¶10     Toth contends that "[t]he District Court . . . applied the wrong standard in determining whether Officer Nelson could request a breath test of Mr. Toth." Toth argues that law enforcement officers must establish probable cause prior to requesting "a test as intrusive as a breath test." Toth maintains that the District Court should have suppressed all of the evidence obtained subsequent to the preliminary breath test as Officer Nelson did not have probable cause to administer the test. Toth relies primarily on *Bush v. Montana Dept. of Justice*, 1998 MT 270, 291 Mont. 359, 968 P.2d 716, in support of his position.

¶11     As the District Court indicated, Toth's reliance on *Bush* is misplaced. *Bush* involved a driver's license reinstatement proceeding pursuant to § 61-8-403, MCA. As such, the district court had to consider whether: (1) a peace officer had reasonable grounds to believe

4

that Bush was in actual physical control of a vehicle upon ways of this state open to the public while under the influence of alcohol, drugs, or a combination of the two; (2) Bush was placed under arrest; and (3) Bush refused to submit to a breath test after a request to do so. Based on the statute's arrest requirement, probable cause must exist prior to the request for a breath sample for purposes of § 61-8-403, MCA, proceedings. However, the probable cause standard referenced in *Bush* applies to the prerequisite for an arrest. *Bush* does not require that peace officers establish probable cause prior to initiating preliminary breath test analyses as Toth suggests.

¶12 To the contrary, § 61-8-409(1), MCA, provides:

> **Preliminary alcohol screening test.** A person who operates or is in actual physical control of a vehicle upon ways of this state open to the public is considered to have given consent to a preliminary alcohol screening test of the person's breath, for the purpose of estimating the person's alcohol concentration, upon the request of a peace officer who has a *particularized suspicion* that the person was driving or in actual physical control of a vehicle upon ways of this state open to the public while under the influence of alcohol or in violation of 61-8-410. [Emphasis added.]

Further, we have on several occasions recognized particularized suspicion as the appropriate standard in order to request a sample for preliminary breath test analysis. *See, e.g., Bramble v. State, Dept. of Justice, MVD*, 1999 MT 132, ¶ 29, 294 Mont. 501, ¶ 29, 982 P.2d 464, ¶ 29; *Smith v. State, Driver's Improvement Bureau*, 1998 MT 94, ¶ 8, 288 Mont. 383, ¶ 8, 958 P.2d 677, ¶ 8. Based on the foregoing, we hold that the District Court did not err when it concluded that Officer Nelson needed only a particularized suspicion to request a breath sample from Toth for preliminary breath test analysis.

5

¶13    Affirmed.

                                        /S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART