

FILED

07/27/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0258

DA 20-0258

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 189N

STATE OF MONTANA,

    Plaintiff and Appellee,

v.

ROBERT EDWARD RUX,

    Defendant and Appellant.

FILED

JUL 27 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

APPEAL FROM:     District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC-19-79C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Russ Hart, Netzer Law Office, PC, Billings, Montana

    For Appellee:

        Austin Knudsen, Montana Attorney General, Roy Brown, Assistant
Attorney General, Helena, Montana

        Marty Lambert, Gallatin County Attorney, Jaydan Johnson, Deputy County
Attorney, Bozeman, Montana

Submitted on Briefs: May 19, 2021

Decided: July 27, 2021

Filed:

_____

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Robert Edward Rux appeals from a January 11, 2020 Eighteenth Judicial District Court order denying his motions to suppress and dismiss. We affirm.

¶3 On April 26, 2018, Montana Highway Patrol Trooper Erick Fetterhoff (Fetterhoff) observed a passenger vehicle approach him from behind and pass his patrol vehicle. Fetterhoff noticed that the vehicle did not have a license plate affixed to the front of the vehicle and he initiated a traffic stop. Fetterhoff contacted Robert Edward Rux (Rux) through the passenger side window and informed him of the missing front plate. The traffic stop eventually led to a citation for driving under the influence after Fetterhoff spotted a visible open container in the vehicle and noted Rux's slurred speech. Rux moved to suppress and dismiss, arguing that Fetterhoff did not have particularized suspicion that Rux was violating the relevant traffic statute, which allows drivers to apply for a waiver of the front license plate requirement in certain circumstances.

¶4 In considering a ruling on a motion to suppress, we determine whether the district court's findings of fact are clearly erroneous and whether its application and interpretation of law were correct. *State v. Morrisey*, 2009 MT 201, ¶ 14, 351 Mont. 144, 214 P.3d 708.

2

Determinations of particularized suspicion are factual questions reviewed for clear error. *City of Helena v. Brown*, 2017 MT 248, ¶ 7, 389 Mont. 63, 403 P.3d 341. Clear error exists where a factual determination is not supported by substantial evidence, the lower court misapprehended the effect of the evidence, or this Court's review of the record creates a definite and firm conviction that a mistake has been made. *Brown*, ¶ 7. Cases originating in a justice court and appealed to a district court are reviewed by this Court as if they had been appealed directly to this Court, which conducts an independent review of the record. *State v. Kebble*, 2015 MT 195, ¶ 14, 380 Mont. 69, 353 P.3d 1175.

¶5    Unreasonable searches and seizures are prohibited by the Fourth Amendment of the United State Constitution and Article II, Section 11, of the Montana Constitution. An officer may temporarily detain a person if the officer has a particularized suspicion that the person has committed, is committing, or is about to commit an offense. Section 46-5-401(1), MCA. Particularized suspicion consists of objective data from which an experienced officer is able to make inferences and reach a resulting suspicion that the individual is or has been engaged in wrongdoing. *State v. Wilson*, 2018 MT 268, ¶ 28, 393 Mont. 238, 430 P.3d 77. A statutory violation alone is sufficient to establish the particularized suspicion needed to justify a traffic stop. *State v. Zimmerman*, 2018 MT 94, ¶ 15, 391 Mont. 210, 417 P.3d 289. However, an officer need not be certain that a violation has occurred and instead may rely on the "totality of the circumstances," dealing not "with hard certainties but with probabilities." *See City of Missoula v. Sharp*, 2015 MT 289, ¶¶ 8-10, 381 Mont. 225, 358 P.3d 204 (internal quotations omitted) (finding officer's

3

observation of vehicle's rapid acceleration sufficient for particularized suspicion of speeding, even though officer did not have radar confirmation).

¶6 Section 61-3-301(1)(b)(i), MCA, provides that "all motor vehicles must have one license plate displayed on the front and one license plate displayed on the rear of the motor vehicle." However, § 61-3-301(1)(b)(iv), MCA, allows drivers to apply for a waiver of the front license plate requirement for vehicles for which the body construction does not allow a front license plate to be affixed. Rux argues that Fetterhoff could have no reasonable suspicion of a violation of § 61-3-301(1)(b), MCA, without first determining whether Rux's vehicle was of a body construction that did not allow a front license plate to be affixed.

¶7 However, Fetterhoff was not required to be certain that Rux was violating the law to justify the traffic stop; he was only required to have a particularized suspicion. "An officer in the field need not consider every possible innocent explanation or legal exception before concluding that particularized suspicion exists." *State v. Flynn*, 2011 MT 48, ¶ 11, 359 Mont. 376, 251 P.3d 143. Fetterhoff observed Rux driving a passenger vehicle without a front license plate; this was sufficient to form a particularized suspicion of a statutory violation. Fetterhoff was not required to conduct an analysis of the body construction of the vehicle as it passed him in order to have a reasonable suspicion that Rux was violating the license plate requirements of § 61-3-301(1)(b), MCA. The District Court's decision denying Rux's suppression motion was supported by substantial evidence and is not erroneous.

4

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9 Affirmed.

_____
Chief Justice

We Concur:

_____
_____
_____
_____
Justices