FILED

05/23/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0016

DA 21-0016

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2023 MT 93N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

DONALD GARZA,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 19-301A
Honorable Peter B. Ohman, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Appellate Defender, Tammy A. Hinderman, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

            Austin Knudsen, Montana Attorney General, Roy Brown, Assistant
Attorney General, Helena, Montana

            Audrey S. Cromwell, Gallatin County Attorney, Bozeman, Montana

Submitted on Briefs:  March 1, 2023

Decided:  May 23, 2023

Filed:

_____
                Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Donald Garza appeals from his conviction after jury trial of the crimes of Incest, Sexual Intercourse Without Consent, and two counts of Sexual Abuse of Children, challenging rulings by the Eleventh Judicial District Court and, alternatively, claiming ineffective assistance of counsel (IAC). We affirm.

¶3 Donald Garza and Michelle Holbrook married in Utah in 2007. Holbrook had two daughters from a previous relationship, B.G. (born 1998) and A.G. (born 2000), and Garza and Holbrook had two children together, C.G. and D.G. Garza and Holbrook moved approximately nine times during their marriage, and the family moved to Montana in 2010. Holbrook worked two jobs and often worked seven days a week to support the family, while Garza stayed at home and was primarily responsible for housekeeping, child-rearing, cooking, and driving. Garza and Holbrook separated in 2016, and in 2018, B.G. disclosed to Holbrook that Garza had sexually abused B.G. throughout the duration of Garza and Holbrook's marriage. Holbrook and B.G. inquired of A.G., who also disclosed long-term sexual abuse by Garza. Holbrook contacted police and Garza was charged.

¶4      At trial, A.G. and B.G. both testified to longstanding abuse by Garza. A.G. testified about his inappropriate touching and fondling beginning at ten years of age, and both testified to years of sexual intercourse without consent, emotional abuse, and physical abuse. Garza assaulted the girls at night in their bedrooms on a weekly and often nightly basis, and would call the girls' schools, feigning their illness, to keep them at home and assault them during the day. Garza isolated the girls from outside contact, restricting their access to friends, phones, and social media, and otherwise limiting their opportunities to confide in others. Garza's abuse was methodical and lasted for over five years. Garza was convicted of incest, sexual intercourse without consent, sexual abuse of children for possessing internet child pornography, and sexual abuse of children for possessing nude photographs and video of A.G.

¶5      On appeal, Garza argues the State presented evidence in violation of the District Court's order in limine, and contends "the highly prejudicial nature of this evidence, the lack of any curative instruction, and the lack of corroboration of the complaining witnesses' somewhat incredible allegations" requires a new trial on all of the charges. Prior to trial, Garza filed an uncontested motion in limine to preclude the State from introducing evidence about his past criminal convictions. However, on direct examination by the State, A.G. briefly referenced that Garza had been in prison:

State: Do you ever recall a time when [Garza] would threaten to commit suicide?

A.G.: Yes.

State: And did this happen at all in the green house or red house, or during that timeframe that you specifically recall?

AG.: No. No, I don't remember him saying that to me. I remember – not in those houses. I remember once talking to him in that red house, and I said something, like, "Why do you have sex with me when I don't want to?" Something along those lines, and *he accused me of, pretty much, calling him a rapist, and said that if he ever went back to prison, he would make it count.*

Defense Counsel: Your Honor, may we approach?

A.G.: I apologize.

The Court: We can do that at break.

¶6 (Emphasis added.) Defense counsel moved for a mistrial, arguing he "distinctly heard a murmur in the gallery" when A.G. indicated that Garza had been in prison. The State responded, arguing that the statement was "one very short reference to him having been in prison," and because A.G. did not "indicate why [Garza] had been to prison, how long he had been to prison for, any of the circumstances surrounding his prison sentence, [or] when that was in relationship to [when] he came into [A.G.'s] life," the comment was not prejudicial. The District Court took the matter under advisement and, after a short recess, denied the motion, reasoning the statement was "gratuitous" and "the Court did not hear any murmurs or noises from the jurors in reactions to the statement . . . therefore, [the Court] finds that the statement as not overly prejudicial in light of the other testimony presented." The District Court stated it was "willing to offer a cautionary instruction," but defense counsel declined, stating it did not want to "shine light on [the statement] again."

4

¶7     This Court reviews a denial of a motion for mistrial for an abuse of discretion. *State v. Erickson*, 2021 MT 320, ¶ 17, 406 Mont. 524, 500 P.3d 1243.  A district court abuses its direction when it "acts arbitrarily without the employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice." *State v. Zimmerman*, 2018 MT 94, ¶ 13, 391 Mont. 210, 417 P.3d 289.  A mistrial is appropriate when a reasonable possibility exists that inadmissible evidence may have contributed to the conviction, and to determine if evidence is considered to have contributed to the conviction, the Court considers "the strength of the evidence against the defendant, the prejudicial effect of the testimony, and whether a cautionary instruction could cure any prejudice."  *State v. Bollman*, 2012 MT 49, ¶ 33, 364 Mont. 265, 272 P.3d 650.

¶8     Upon review, we conclude A.G.'s brief reference could not reasonably have contributed to Garza's conviction.  The statement carried little impact in view of the extensive evidence introduced by the State.  Similar to the comment at issue in *Bollman*, it was "not solicited by the State . . . [and] appear[ed] to be an inadvertent remark." *Bollman*, ¶ 34.  Further, A.G. offered no further detail about Garza's prior convictions and his time in prison.  After A.G. made the statement, the prosecutor quickly moved to a different topic.  We thus conclude that "any prejudice resulting from the statement was very minor, if it was prejudicial at all." *Bollman*, ¶ 35.  And, as in *Bollman*, where we found it was not error for the District Court to fail to give a cautionary instruction when the defendant had not requested one, Garza declined a cautionary instruction when offered by the District

5

Court. We conclude the District Court did not abuse its discretion by denying the motion for a mistrial.

¶9 Garza next argues his incest conviction must be reversed because the District Court's instruction as to Count 1, Incest, did not admonish the jury that it must consider only his acts that occurred in Montana. He argues Count 1 must be reversed and that he "is entitled to resentencing on Counts 2 and 3 because the court bundled all three sentences together, rendering it impossible to tell what sentence the court would have imposed without the conviction on Count 1." Jury Instruction 5 pertained to Count 1, and provided:

> To convict the Defendant of incest, the State must prove the following elements:
>
> 1. That the Defendant had sexual contact with [A.G.];
>
> **AND**
>
> 2. That [A.G.] was the Defendant's stepdaughter;
>
> **AND**
>
> 3. That the Defendant acted knowingly.
>
> If you find from your consideration of the evidence that all of these elements have been proved beyond a reasonable doubt, then you should find the Defendant guilty.
>
> If, on the other hand, you find from your consideration of the evidence that any of these elements has not been proved beyond a reasonable doubt then you should find the Defendant not guilty.

¶10 Garza argues the instruction omits the requirement of § 46-2-101(1)(a), MCA, that a conviction must be for offenses "committed either wholly or partly within the state." No objection was offered by defense counsel, and thus Garza asks this Court to utilize plain

6

error review or, alternatively, to conclude his trial counsel's failure to object constituted IAC. "A party who requests reversal based on plain error review 'bears the burden of firmly convincing this Court that the claimed error implicates a fundamental right and that such review is necessary to prevent a manifest miscarriage of justice or that failure to review the claim may leave unsettled the question of fundamental fairness of the proceedings or may compromise the integrity of the judicial process.'" *State v. McCaulou*, 2022 MT 197, ¶ 33, 410 Mont. 291, 518 P.3d 862 (citing *State v. George*, 2020 MT 56, ¶ 5, 399 Mont. 173, 459 P.3d 854). "When a defendant raises the plain error doctrine to request our review regarding issues that were not objected to at the district court level, our review is discretionary." *State v. Gray*, 2004 MT 347, ¶ 13, 324 Mont. 334, 102 P.3d 1255. We exercise plain error review when a failure to do so may result in a "manifest miscarriage of justice, [] leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process." *State v. Finley*, 276 Mont. 126, 137, 915 P.2d 208, 215 (1995).

¶11 The State alleged in the charging documents that the crime occurred in Gallatin County, Montana. At numerous points throughout the trial, the State oriented the jury to the location of the crimes, including by providing jurors with a list of the residences the family lived in and the times they lived in each residence. The State's evidence linked the alleged assaults to the specific residences listed, and, in argument, explained "[t]he State has put on evidence of the things that happened in Utah to show the control, the manipulation, this continuing course of conduct that started in Utah, but you cannot—and

I repeat—you cannot find Mr. Garza guilty for any act that he committed in Utah." The State thus correlated its proof to the jurisdictional requirements of the case and sufficiently explained the issue to avoid confusion by the jury. We conclude that the exercise of plain error review of the merits of this instructional issue is not required to prevent a manifest miscarriage of justice or other compromise of the integrity of the judicial process.

¶12 Similarly, Garza also asks this Court to reverse on the basis of IAC, arguing his counsel's performance was deficient for failing to object to the instructions. IAC claims constitute a mix question of fact and law, and are reviewed *de novo*. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861. We have adopted the two-part *Strickland* test, and ask, first, whether the defendant has shown that the counsel's performance was deficient, and ask, second, whether counsel's "deficient performance prejudiced the defense." *Whitlow*, ¶ 10 (citing *Strickland v. Washington*, 466 U.S. at 687, 104 S. Ct. at 2064). "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Whitlow*, ¶ 10 (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064). A defendant must satisfy both prongs of the test to prevail on an IAC claim, and, therefore, an insufficient showing on one prong of the test relieves the necessity of addressing the other prong. *See Whitlow*, ¶ 11. Here, even if we were to assume, *arguendo*, that counsel's performance was deficient, we would conclude Garza was not prejudiced because, for the reasons stated above for declining to undertake plain error review, we likewise conclude the error was not "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Whitlow*, ¶ 10 (citation omitted).

8

Consequently, we affirm the convictions on Counts 2 and 3 and need not consider the resentencing argument.

¶13 Lastly, Garza contends the District Court created error by giving Jury Instruction 3.3, generally directing the jury to a reach a unanimous finding: "The law requires the jury verdict in this case to be unanimous. Thus, all 12 of you must agree in order to reach a verdict, whether the verdict be guilty or not guilty." Garza argues the instruction was inappropriate for Counts 5 and 6. He notes the State could have filed individual charges for each pornographic image identified in each charge, and thus, a specific-act unanimity instruction was required to ensure the jury reached agreement on the same act of abuse. Again, Garza asks the Court to undertake plain error review because no objection was raised at trial.

¶14 A manifest miscarriage of justice necessary to require plain error review may occur if multiple facts or acts are incorporated under a single count such that a specific-act unanimity instruction is required to ensure jury agreement. *See State v. Wells*, 2021 MT 103, ¶ 22, 404 Mont. 105, 485 P.3d 1220 (comparing *State v. Weaver*, 1998 MT 167, ¶ 38, 290 Mont. 58, 964 P.2d 713 "alleged discrete acts of sexual misconduct over a period of years required a specific unanimity instruction"). We have explained that "[t]he key inquiry in determining whether multiple acts or material facts alleged under a single count require a specific unanimity instruction is whether the acts are so closely related in time, location, and nature that they form part of the same transaction or course of conduct, rather than completely independent occurrences." *Wells*, ¶ 22. Here, Count 5, alleging Sexual Abuse

9

of Children, was based upon Garza's possession of four pornographic images obtained from the internet, three images of one juvenile female and one image of another juvenile female, all of which were loaded onto Garza's storage device on a single day in 2012. Count 6, also alleging Sexual Abuse of Children, was based upon two photographs of nude A.G. taken on the same day, and one nude video of A.G. while the family lived in the same residence, and were loaded onto Garza's storage device in 2015. The images at issue under Count 5 were loaded onto different storage hardware devices than the images at issue under Count 6.

¶15 As charged, and as proven, the group of images captured from the internet on the same day under Count 5 and the group of images taken of A.G. under Count 6 were both "closely related in time, location, and nature." *Wells*, ¶ 22. That would permit the jury to be asked to reach unanimity on the question of whether Garza was guilty of Sexual Abuse of Children by possessing the particular group of images identified in each count, as a single criminal episode. Given that likelihood, we decline to exercise plain error review as we conclude there is no reasonable possibility the jury would have been able to reach separate bases for Garza's guilt based upon the structure and proof of the charges. For the same reasons, an IAC claim cannot establish that counsel's failure to object and provide a specific-act instruction constituted deficient performance.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent

10

or modify existing precedent.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review, including that the District Court did not abuse its discretion.

¶17     Affirmed.


/S/ JIM RICE

We concur:


/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR